Name:    KENNEDY BOSCO

Address:    2632 Wilshire Blvd #300

Santa Monica, CA 90403

Phone:    832-887-5716

Email:    kennedybosco@gmail.com

In Pro Per

FILED

CLERK, U.S. DISTRICT COURT

6/12/2026

CENTRAL DISTRICT OF CALIFORNIA

BY_____jb_____DEPUTY

DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

KENNEDY BOSCO,

Plaintiff

v.

FIRST ADVANTAGE BACKGROUND

SERVICES CORP.,

Defendant(s).

CASE NUMBER:

2:25-cv-12019-MCS-MAA

PLAINTIFF'S WRITTEN RESPONSE TO THE JUNE 8, 2026 ORDER TO SHOW CAUSE RE: SANCTIONS AND SPECIAL MITIGATION OF PROCEDURAL STANDING

## I. PROCEDURAL MEMORANDUM & STATEMENT OF GOOD CAUSE

Plaintiff Kennedy Bosco, appearing pro se and proceeding under court-approved indigent In Forma Pauperis status, respectfully submits this formal Written Response to this Court's June 8, 2026 Order to Show Cause Re: Further Sanctions under Federal Rule of Civil Procedure 16(f)(1). Plaintiff holds the profoundest respect for the authority of this Court and underscores that his nonappearance at the rescheduled June 8, 2026 Scheduling Conference was completely unintentional, non-willful, and caused exclusively by insurmountable economic barriers preventing physical transit to the courthouse.

While Federal Rule of Civil Procedure 16(f)(1)(A) empowers a district court to

**PLAINTIFF'S WRITTEN RESPONSE TO THE JUNE 8, 2026 ORDER TO SHOW CAUSE**

issue just orders and monetary sanctions if a party fails to appear at a scheduling conference, the United States Supreme Court holds that an exercise of a court's inherent power to discipline litigants requires a showing of bad faith or willful disobedience. Chambers v. NASCO, Inc., 501 U.S. 32, 44–45 (1991). The Ninth Circuit similarly commands that when a court evaluates procedural defaults or nonappearances under Rule 16(f), any sanction imposed must be calibrated against the actual culpability of the litigant, and dismissal remains a draconian penalty reserved solely for extreme, bad-faith non-compliance. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).

Furthermore, Plaintiff highlights that a profound operational safety paradox underscores his physical presence within public courthouse sectors. Defendant First Advantage Background Services Corp. continues to generate, publish, and commercially disseminate a patently inaccurate, highly defamatory consumer background report to third-party medical employers. This report attaches an unarrested, unadjudicated, and non-conviction felony child cruelty warrant to Plaintiff's name under Los Angeles Superior Court Case No. 25TRCF00318-02, which factually belongs to a separate individual. Walking into a federal courthouse security screening zone with an open database flag of this severe nature triggers automatic electronic law enforcement alerts, posing an immediate, systemic threat of erroneous arrest and custodial detention to an innocent clinician before the underlying identity mismatch can be judicially unraveled.

Plaintiff has never been arrested, detained, indicted, or arraigned for the underlying offense. Under unrefuted California jurisprudence, a background screening firm's dissemination of an unexecuted, non-conviction administrative warrant to a private commercial employer constitutes a per se violation of California Labor Code § 432.7(a)(1) and the strict operational guidelines of the Investigative Consumer

**PLAINTIFF'S WRITTEN RESPONSE TO THE JUNE 8, 2026 ORDER TO SHOW CAUSE**

Reporting Agencies Act (ICRAA) under California Civil Code § 1786.18(a)(7). Because Article III constitutional standing is firmly rooted in this concrete, active, and daily destruction of Plaintiff's professional healthcare career, Plaintiff has no intent to abandon or delay this case. TransUnion LLC v. Ramirez, 594 U.S. 413, 425 (2021).

To maintain absolute alignment with the Court's objectives, Plaintiff notes that he unconditionally accepts and embraces the firm, accelerated scheduling tracks established in the Court's June 10, 2026 Jury Trial Order, including the January 26, 2027 Trial Date and the November 30, 2026 cutoff to complete the Court Mediation Panel settlement sequence. Because Plaintiff's current posture reflects perfect compliance with all core discovery orders, Plaintiff respectfully requests that this Court discharge the Order to Show Cause without the imposition of terminal sanctions or further monetary penalties.

## II. MANDATORY VERIFICATION DECLARATION OF KENNEDY BOSCO

I, Kennedy Bosco, declare as follows:

1. I am the Plaintiff Pro Se in this civil enforcement action. I possess direct personal knowledge of each procedural and factual representation recorded within this memorandum.

2. On February 9, 2026, this Court formally reviewed my financial declarations and granted my application to proceed In Forma Pauperis due to severe economic indigency.

3. I do not possess the financial means, disposable capital, or transportational

PLAINTIFF'S WRITTEN RESPONSE TO THE JUNE 8, 2026 ORDER TO SHOW CAUSE

resources to execute mandatory physical appearances or interstate travel to the Central District courthouse.

4. My nonappearance at the June 8, 2026 Scheduling Conference was entirely non-willful and was dictated by my low-income status paired with the systemic threat of an erroneous checkpoint arrest stemming from the Defendant's active background check error.

5. I fully participated in the mandatory meet-and-confer sequences with Seyfarth Shaw LLP, textually recorded my remote appearance requirements on Page 12 of the Joint 26(f) Report, and remain entirely committed to prosecuting this case to a final merits judgment.

6. I unconditionally accept this Court's June 10, 2026 Scheduling Order and will complete the Court Mediation Panel ADR requirements within the ordered 21-day selection window.

7. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 12th day of June, 2026,

Dated: June 12, 2026

Respectfully submitted,

By:Kennedy Bosco

Plaintiff Pro Se

4

*Page Number*

**PLAINTIFF'S WRITTEN RESPONSE TO THE JUNE 8, 2026 ORDER TO SHOW CAUSE**