Name: __KENNEDY BOSCO__

Address: __2632 Wilshire Blvd #300__

__Santa Monica, CA 90403__

Phone: __832-887-5716__

Email: __kennedybosco@gmail.com__

In Pro Per

FILED

CLERK, U.S. DISTRICT COURT

6/17/26

CENTRAL DISTRICT OF CALIFORNIA

BY_____CS_____DEPUTY

DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNEDY BOSCO, <br><br> Plaintiff <br> v. <br><br> FIRST ADVANTAGE BACKGROUND SERVICES CORP., <br><br> Defendant(s). | CASE NUMBER:  2:25-cv-12019-MCS-MAA <br> **PLAINTIFF'S NOTICE OF MOTION AND MOTION TO CONFIRM REMOTE PRETRIAL ACCESS PURSUANT TO 28 U.S.C. § 1915 AND COMPEL REMOTE DISCOVERY UNDER FRCP 30(b)(4)** <br><br> **[LOCAL RULE 7-3 CERTIFICATION ATTACHED]** <br><br> **Date: [Blank for Clerk]** <br> **Time: 10:00 A.M.** <br> **Courtroom: 7C (First Street Division)** |

# NOTICE OF MOTION AND MOTION

## TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

located at 350 W. 1st Street, Los Angeles, CA 90012, Plaintiff Kennedy Bosco will move, and hereby does move, for an order confirming his right to participate in all pretrial and scheduling benchmarks remotely, and ordering that all discovery depositions and document productions be conducted exclusively via remote electronic means.

This Motion is made pursuant to 28 U.S.C. § 1915, and Federal Rules of Civil Procedure 16(c)(1), 26(b)(2)(C), and 30(b)(4), and is based upon this Notice, the attached Local Rule 7-3 Certification, the following Memorandum of Points and Authorities, and all records on file in this action.

1

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR REMOTE ACCESS

# LOCAL RULE 7-3 CERTIFICATION

Pursuant to C.D. Cal. L.R. 7-3, Plaintiff Kennedy Bosco hereby certifies that on June 12, 2026, and June 16, 2026, Plaintiff contacted Defendant's counsel of record, Jasmine Jane Stanzick, Esq., via electronic mail and telephone to meet and confer in a good-faith effort to resolve the logistical, travel expense, and remote discovery parameters raised in this Motion.

Counsel for Defendant explicitly refused to stipulate to remote pretrial access or remote electronic depositions under FRCP 30(b)(4). Continuous efforts to resolve the logistical impasse out of court were finalized following Plaintiff's formal electronic correspondence exposing fundamental billing discrepancies on the record, thereby necessitating the filing of this application.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: June 17, 2026
Respectfully submitted,
By:

Kennedy Bosco, Plaintiff Pro Se

# I. MEMORANDUM OF POINTS AND AUTHORITIES

## A. The Statutory Shield of 28 U.S.C. § 1915 Overrides Local Transit Presumptions

This Court has already reviewed Plaintiff's financial metrics and granted In Forma Pauperis (IFP) status, judicially establishing Plaintiff's absolute indigency (ECF No. 14). The United States Supreme Court has established that the federal IFP statute exists specifically so that poverty does not work a forfeiture of federal civil rights (Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342 (1948)).

When a court grants IFP status under 28 U.S.C. § 1915, it makes an operational finding that the litigant cannot absorb the baseline financial demands of a lawsuit. This statutory shield is renderless if local rules or traditional transit presumptions are mechanically applied to force an

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR REMOTE ACCESS**

indigent party to choose between incurring catastrophic travel debt or facing case dismissal.

Forcing an IFP litigant to incur standard travel, parking, and transit expenses to attend in-person pretrial hearings directly conflicts with the foundational purpose of Adkins. Financial insolvency must not be leveraged as an accidental procedural trap. Because this Court has already validated Plaintiff's economic status, the preservation of due process requires replacing traditional physical presentation guidelines with modern, cost-free remote alternatives.

## B. The Rules Enabling Act Bars the Application of Individual Standing Orders to Defeat Remote Discovery Tools

Under the Rules Enabling Act, 28 U.S.C. § 2072(b), local district rules or individual "In Chambers" standing directives cannot be applied in a manner that abridges, enlarges, or modifies any substantive federal right. Federal Rule of Civil Procedure 16(c)(1) and Rule 78(b) explicitly authorize courts to determine matters and conduct pretrial conferences remotely to eliminate unnecessary travel costs.

The Supreme Court and the Ninth Circuit have long established that local standing orders or local rules carry the force of law only to the extent that they remain fully consistent with the Federal Rules of Civil Procedure (Colgrove v. Battin, 413 U.S. 149, 163-64 (1973); Marshall v. Gates, 44 F.3d 722, 724 (9th Cir. 1995)). A local standing order that strictly mandates physical attendance—without accounting for verified financial impossibility—creates an impermissible structural conflict with the federal rules.

Specifically, FRCP 78(b) explicitly provides that a court may submit and determine motions on briefs, "without oral hearing," to minimize delays and costs. Furthermore, FRCP 16(c)(1) allows the court to utilize modern communication technologies to advance judicial economy.

When an individual standing order is applied mechanically to deny remote access to an

3

out-of-state, indigent litigant, it ceases to be an administrative management tool. Instead, it unconstitutionally overrides the cost-mitigation protections embedded within FRCP 16, 30(b)(4), and 78(b). Because the Rules Enabling Act prohibits local court customs from abridging a litigant's statutory right to court access under 28 U.S.C. § 1915, any local mandate requiring physical attendance under these conditions must yield to federal procedural allowances.

## C. Terminal Dismissals Based on Financial Impossibility Constitute an Abuse of Discretion

Furthermore, the Ninth Circuit has explicitly held that where a litigant's non-compliance with a physical appearance order is entirely a product of financial impossibility, a terminal dismissal under Rule 41(b) constitutes a plain abuse of discretion and a violation of due process (Thomas v. Gerber Products, 703 F.2d 353, 356 (1983); see also Societe Internationale v. Rogers, 357 U.S. 197, 212 (1958)).

Financial indigency cannot be programmatically engineered into an automatic case-ending trap. Because Plaintiff lacks the liquid capital to physically travel to the courthouse or secure commercial facilities for local discovery, denying remote configurations creates an automatic, unconstitutional case-ending vector. Equity demands that discovery be tailored to the financial bounds of the parties involved.

## D. Symmetrical Remote Discovery Must Be Ordered Under FRCP 30(b)(4) and 26

To prevent Defendant from weaponizing Plaintiff's geographic isolation as a tool of financial exhaustion, Plaintiff moves for a symmetrical discovery order:

**Remote Depositions Under FRCP 30(b)(4):** Pursuant to Federal Rule of Civil Procedure 30(b)(4), the Court has explicit authority to order that a deposition be taken by remote electronic means. Plaintiff requests an order mandating that all depositions in this action—both of the

4

indigent Plaintiff and of First Advantage's corporate risk managers and data compliance officers be taken exclusively via secure videoconference software.

**Protective Proportionality Under FRCP 26(b)(2)(C):** Federal Rule of Civil Procedure 26(b)(2)(C) (iii) mandates that the Court must limit the frequency or extent of discovery if the burden or expense outweighs its likely benefit, considering the parties' resources and the importance of the issues at stake.

**Electronic Discovery Production Under FRCP 26(b)(2)(C) and 34(b)(2)(E):** To eliminate transportational and mail-delay disruption, all document productions must be executed exclusively through secure digital download links, secure FTP, or electronic mail media.

## E. Scope and Limitation of Discovery Parameters

This Motion addresses solely the remote appearance and discovery synchronization mechanisms required to manage the logistics of the instant action against the Defendant CRA. This application is limited strictly to the operational mechanics of scheduling benchmarks, remote electronic depositions under FRCP 30(b)(4), and digital production protocols. It does not alter, expand, or waive any substantive discovery rights, claims, or third-party liabilities outside the immediate operational scope of this specific litigation.

## II. CONCLUSION

Plaintiff respectfully requests that this Court enter an order confirming remote pretrial access under 28 U.S.C. § 1915 and establishing a mandatory remote discovery framework under Federal Rule of Civil Procedure 30(b)(4).

Dated: June 17, 2026
Respectfully submitted,
By:

Kennedy Bosco, Plaintiff Pro Se

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR REMOTE ACCESS**

# DECLARATION OF KENNEDY BOSCO

I, Kennedy Bosco, declare as follows pursuant to 28 U.S.C. § 1746:

I am the Plaintiff pro se in the above-captioned action. I have personal knowledge of the facts stated herein and, if called as a witness, could and would testify competently thereto.

Due to acute financial indigency and economic deprivation resulting directly from the credit reporting inaccuracies detailed in the operative Complaint, I am currently entirely displaced from the State of California and am physically residing in the State of New York.

My address of record at 2632 Wilshire Blvd #300, Santa Monica, CA 90403 is my designated, fully operational mailing address for the secure and timely receipt, forwarding, and processing of all physical judicial notices, orders, and defense communications. However, I do not physically reside at that location, nor do I possess any residential or commercial real estate within the State of California.

Because of my court-certified In Forma Pauperis status under 28 U.S.C. § 1915, I lack the financial capital, credit resources, or transit fare required to cross state lines from New York to physically enter a California courtroom for routine, non-dispositive scheduling benchmarks.

Compelling me to execute physical interstate transit under threat of terminal dismissal under Rule 41(b) forms an absolute financial impossibility that would result in a forfeiture of my federal statutory claims under the Fair Credit Reporting Act (FCRA).

This declaration is executed solely to establish the financial and logistical necessity of conducting pretrial conferences and depositions via remote electronic means under FRCP 16(c)(1) and FRCP 30(b)(4).

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR REMOTE ACCESS

I declare under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct.

Executed on June 17, 2026

By

Kennedy Bosco, Declarant

7

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR REMOTE ACCESS**