Name: _____ KENNEDY BOSCO _____

Address: _____ 2632 Wilshire Blvd #300 _____

_____ Santa Monica, CA 90403 _____

Phone: _____ 832-887-5716 _____

Email: _____ kennedybosco@gmail.com _____

In Pro Per

**FILED**

CLERK, U.S. DISTRICT COURT

**6/22/26**

CENTRAL DISTRICT OF CALIFORNIA

BY_____ CS _____ DEPUTY

DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **KENNEDY BOSCO**<br><br>Plaintiff<br><br>v.<br><br>FIRST ADVANTAGE BACKGROUND SERVICES CORP.,<br><br>Defendant(s). | CASE NUMBER:  2:25-cv-12019-MCS-MAA<br><br>PLAINTIFF'S ALTERNATIVE DISPUTE RESOLUTION (ADR) SELECTION BRIEF; MOTION FOR REMOTE ADR PARTICIPATION<br><br>[Hon. Judge Mark C. Scarsi]<br><br>Docket Ref: No. 40 |

Plaintiff Mr. Bosco respectfully submits this ADR Selection Brief pursuant to Central District Local Rule 16-15.4. Plaintiff hereby selects ADR Procedure No. 2: The Court Mediation Panel.

Concurrently, Plaintiff moves for an order authorizing absolute remote participation (via Zoom or telephonic interface) for all ADR proceedings. Plaintiff is currently physically displaced in Brooklyn, New York, and proceeds under court-certified In Forma Pauperis (IFP) status.

Under Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331 (1948) and Thomas v. Gerber Products, 703 F.2d 353, 356 (9th Cir. 1983), a federal court abuses its judicial discretion when it conditions the prosecution of an action on physical attendance where compliance is an absolute financial impossibility. Remote access preserves the integrity of these proceedings while enforcing the paper-only parameters necessary to prevent a procedural dismissal trap under

1
___

**PLAINTIFF'S ADR SELECTION BRIEF**

FRCP 41(b).

Dated: June 21, 2026

Respectfully submitted,

By: /s/ Mr. Bosco
Kennedy Bosco
Plaintiff Pro Se

2

**PLAINTIFF'S ADR SELECTION BRIEF**