Name: **KENNEDY BOSCO**

Address: 2632 Wilshire Blvd #300

Santa Monica, CA 90403

Phone: 832-887-5716

Email kennedybosco@gmail.com

In Pro Per

**FILED**

CLERK, U.S. DISTRICT COURT

**6/22/26**

CENTRAL DISTRICT OF CALIFORNIA

BY ___CS___ DEPUTY

DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **KENNEDY BOSCO**<br><br>Plaintiff<br><br>v.<br><br>FIRST ADVANTAGE BACKGROUND SERVICES CORP.,<br><br>Defendant(s). | CASE NUMBER: 2:25-cv-12019-MCS-MAA<br><br>PLAINTIFF'S EXPANDED LOCAL RULE 56-1 STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF SUMMARY JUDGMENT<br><br>[Hon. Judge Mark C. Scarsi]<br>Hearing Date: [To Be Scheduled]<br>Time: 10:00 AM / Courtroom: 7C |

Plaintiff Mr. Bosco respectfully submits this Expanded Statement of Uncontroverted Facts and Conclusions of Law pursuant to Central District Local Rule 56-1. The following sequential material facts are established via the face of Defendant's formal signed discovery concessions and internal system audit records, constituting binding, non-hearsay opposing party admissions under FRE 801(d)(2).

### I. UNCONTROVERTED MATERIAL FACTS & SUPPORTING EVIDENCE

| FACT NO. | PLAINTIFF'S UNCONTROVERTED MATERIAL FACT | SUPPORTING EVIDENCE AND RECORD CITATION |
|---|---|---|
| **1.** | Plaintiff has never been convicted of any criminal offense in Los Angeles County. | Sworn Declaration of Kennedy Bosco ¶ 3; Certified Zero-History Certificate. |
| **2.** | On September 29, 2025, Defendant initiated background screening Order ID No. 325426206 for AMN H.Care | Defendant's Internal CID History Workbook, Page 1 (Order ID 325426206). |
| **3.** | On October 3, 2025, Defendant completed and published a commercial report containing a pending felony arrest warrant flag under Case No. 25TRCF00318-02. | Defendant's Background Report Summary, Page 7 (Disposition: PENDING WARRANT ISSUED). |

1

| FACT NO. | PLAINTIFF'S UNCONTROVERTED MATERIAL FACT | SUPPORTING EVIDENCE AND RECORD CITATION |
|---|---|---|
| 4. | Page 7 of Defendant's certified record production under marker FIRST ADVANTAGE-BOSCO-000007 is entirely blank and unsigned. | Defense June 15 Response to RFP; Document Marker FIRST ADVANTAGE-BOSCO-7. |
| 5. | Defendant's internal system architecture flagged the dissemination record using active masked filtering configurations. | Defendant's Internal SPII Audit Log, Page 5 (CONTROL NB MASKED FG = 1) |
| 6. | Defendant disseminated the prohibited public record tracking metadata to a private joint employer for employment screening purposes. | Public Records Report, p.1 (Account: 990184MN Atlanta ChoicePoint Employment). |
| 7. | Defendant generated internal consumer notification logging tracking the processing of this non-conviction record entry. | Defendant's Internal Case History Database Log, p.10 (613 Consumer Letter). |

## II. CONCLUSIONS OF LAW

**1. Per Se Dissemination Violation Under State Law:** Under California Labor Code § 432.7(a)(1) and California Civil Code § 1786.18(a)(7), it is a strict liability statutory violation for a commercial consumer reporting agency to utilize, inquire about, or disseminate any historical public record of arrest, detention, or pending warrant that did not result in an absolute conviction judgment.

**2. Absolute Grandfather Exemption From Preemption:** Pursuant to 15 U.S.C. § 1681t(b)(1)(B), state statutory rules restricting the reporting of historical or non-conviction public record metadata are explicitly grandfathered and fully insulated from federal preemption due to their pre-1996 legislative enactment timelines. Kemp v. Superior Court, 86 Cal. App. 5th 981, 989 (2022).

**3. Willful Algorithmic Processing Under the Safeco Standard:** Under 15 U.S.C. § 1681n, a consumer reporting agency operates with actionable statutory willfulness when its automated systems are programmatically configured to extract and publish prohibited public record elements while actively processing internal data masking flags (MASKED FG = 1) to hide data variations. Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 69 (2007); TransUnion LLC v. Ramirez, 594 U.S. 413, 432 (2021).

**4. Binding Effect of Express Admissions:** Pursuant to Federal Rule of Civil Procedure 36(b), express admissions signed by lead defense counsel during formal discovery are permanently

binding on the record and cannot be controverted, stripping the district court of case-management

discretion regarding baseline liability. FTC v. Medicor LLC, 217 F. Supp. 2d 1048, 1053

(C.D. Cal. 2002).

**5. Non-Privity Claim Insulation:**  This summary adjudication addresses exclusively the

independent data-processing transactions of Defendant First Advantage Background Services

Corp. Because an arm's-length commercial screening services contract creates no mutuality of

interest or legal privity under Ninth Circuit law, this action shares no transactional identity with,

and does not preclude, Plaintiff's separate employment discrimination actions under Title VII

before the EEOC against third-party joint employers. Taylor v. Sturgell, 553 U.S. 880, 894 (2008);

Headwaters Inc. v. U.S. Forest Serv., 399 F.3d 1047, 1053 (9th Cir. 2005).

Dated: June 21, 2026

Respectfully submitted,

By: /s/ Mr. Bosco

Mr. Bosco
Plaintiff Pro Se

3