Name: **KENNEDY BOSCO**

Address: 2632 Wilshire Blvd #300

Santa Monica, CA 90403

Phone: 832-887-5716

Email: kennedybosco@gmail.com

In Pro Per

**FILED**

CLERK, U.S. DISTRICT COURT

**06/23/2026**

CENTRAL DISTRICT OF CALIFORNIA

BY_____GSA_____DEPUTY

DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **KENNEDY BOSCO,**<br><br>Plaintiff<br><br>v.<br><br>FIRST ADVANTAGE BACKGROUND SERVICES CORP.,<br><br>Defendant(s). | CASE NUMBER:  2:25-cv-12019-MCS-MAA<br>PLAINTIFF'S NOTICE OF MOTION, MOTION, AND MEMORANDUM OF POINTS AND AUTHORITIES FOR ADMINISTRATIVE ACCOMMODATION TO APPEAR REMOTELY DUE TO INDIGENCY<br><br>Hearing Date: July 27, 2026<br>Time: 9:00 AM<br>Courtroom: 7C (First Street Division)<br>Judge: Hon. Mark C. Scarsi |

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE**   that on July 27, 2026, at 9:00 AM, or as soon thereafter as the

matter may be heard in Courtroom 7C of the United States District Court for the Central

District of California, located at 350 West 1st Street, Los Angeles, CA 90012, Plaintiff

Kennedy Bosco will move, and hereby does move, for an Order granting an administrative

accommodation to participate remotely via Zoom or telephonic interface for all remaining

pretrial benchmarks and hearings in this action.

This Motion is made pursuant to Federal Rule of Civil Procedure 83(b), Central District

Local Rules 7-4, 7-5, and 16-15.4, and the inherent equitable powers of this Court. The

Motion is based on the grounds that Plaintiff is currently physically displaced in

Brooklyn, New York, and holds court-certified In Forma Pauperis (IFP) status under

1

**PLAINTIFF'S MOTION FOR ADMINISTRATIVE ACCOMMODATION TO APPEAR REMOTELY**

28 U.S.C. § 1915(a)(1), rendering physical interstate travel a financial impossibility. Conditioning court venue access on physical attendance under these economic realities creates a de facto forfeiture of federal civil rights and constitutes a severe abuse of judicial discretion.

This Motion is based upon this Notice, the following Memorandum of Points and Authorities, the Sworn Verification Declaration of Kennedy Bosco, and the companion [Proposed] Order submitted concurrently herewith as a separate attachment.

Dated: June 23, 2026

Respectfully submitted,

By: /s/ Mr. Kennedy Bosco
Mr. Kennedy Bosco, Plaintiff Pro Se

2

**PLAINTIFF'S MOTION FOR ADMINISTRATIVE ACCOMMODATION TO APPEAR REMOTELY**

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. BACKGROUND AND PROCEDURAL CONTEXT

Plaintiff Kennedy Bosco brings this civil consumer protection action against Defendant First Advantage Background Services Corp. following the willful dissemination of unlawful, non-conviction background tracking data that resulted in the catastrophic termination of Plaintiff's employment. Plaintiff has been granted formal In Forma Pauperis (IFP) status under 28 U.S.C. § 1915 by this Court, establishing an administrative record of severe financial indigency. Plaintiff is currently physically displaced and residing within Brooklyn, New York. On June 22, 2026, the Court entered an order striking Plaintiff's prior administrative procedural motion for lack of an explicit calendar placeholder date. Plaintiff submits this corrected, consolidated motion to satisfy the Court's electronic formatting directives, preserve his remote standing, and maintain active prosecution of this action.

## II. FINANCIAL INDIGENCY BARS MANDATORY INTERSTATE TRAVEL UNDER SETTLED LAW

The Supreme Court of the United States and the United States Court of Appeals for the Ninth Circuit have established that when a federal litigant proceeds under a certified indigent seal, the district court cannot condition the active prosecution of the lawsuit upon physical, out-of-state attendance when such travel is a documented financial impossibility.

In Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342 (1948), the Supreme Court held that the federal in forma pauperis statute must be construed liberally to ensure that poor litigants are not completely barred from federal court venues due to an inability to finance litigation costs. The Court explicitly ruled that a citizen should not be forced to choose between self-destitution or the abandonment of a valid civil legal right.

Furthermore, in Thomas v. Gerber Products, 703 F.2d 353, 356 (9th Cir. 1983), the Ninth Circuit held that a district court abuses its judicial discretion and commits reversible error when it issues

3

terminal, case-ending sanctions against an indigent pro se plaintiff for the non-willful failure to pay a court-ordered monetary sanction due to a total lack of financial assets.

Conditioning Plaintiff's case continuity upon regular transcontinental flights from New York to California would circumvent 28 U.S.C. § 1915, creating a de facto procedural dismissal trap. Remote electronic access via the Court's established Zoom or telephonic interfaces preserves the administrative integrity of the docket while preventing an unlawful forfeiture of Plaintiff's statutory right to federal court access.

**III. CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court enter an Order authorizing absolute remote participation for all future pretrial benchmarks in this action.

Dated: June 23, 2026

Respectfully submitted,

By: /s/ Mr. Kennedy Bosco

Mr. Kennedy Bosco, Plaintiff Pro Se

**PLAINTIFF'S MOTION FOR ADMINISTRATIVE ACCOMMODATION TO APPEAR REMOTELY**

## SWORN VERIFICATION DECLARATION OF MR. KENNEDY BOSCO

I, Kennedy Bosco, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following facts are true and correct based upon my own personal first-hand knowledge:

1. I am the Plaintiff proceeding Pro Se in the above-captioned civil action.

2. I am currently physically displaced, residing, and maintaining my primary domicile within the city of Brooklyn, New York.

3. I currently hold formal, court-certified In Forma Pauperis (IFP) status granted by this Court under 28 U.S.C. § 1915(a)(1), reflecting an active, established administrative record of severe financial indigency.

4. Due to my lack of financial assets and active indigent status, financing or otherwise undertaking mandatory cross-country interstate travel from New York to California for regular pretrial appearances is a physical and financial impossibility.

5. I make this Declaration in support of my Motion for Administrative Accommodation to Appear Remotely, to verify that the factual assertions contained within the accompanying Notice, Motion, and Memorandum are entirely true and accurate.

5

=================================================================

**CERTIFICATE OF ELECTRONIC SERVICE**

=================================================================

I, Mr. Bosco, hereby certify that on June 23, 2026, I served a true and correct

copy of the foregoing PLAINTIFF'S NOTICE OF MOTION, MOTION, AND MEMORANDUM

OF POINTS AND AUTHORITIES, along with the companion [PROPOSED] ORDER submitted

concurrently herewith, upon all counsel of record via electronic mail transmission pursuant to the

Central District's electronic filing and EDSS integration protocols, addressed as follows:

Jasmine Stanzick, Esq.

Seyfarth Shaw LLP

jstanzick@seyfarth.com

Lead Attorney of Record for Defendant First Advantage Background Services Corp.

I declare under penalty of perjury under the laws of the United States of

America that the foregoing is true and correct.

Executed on June 23, 2026, at Brooklyn, New York.

By: /s/ Mr. Kennedy Bosco

Mr. Kennedy Bosco, Plaintiff Pro Se

---

6

---

**PLAINTIFF'S MOTION FOR ADMINISTRATIVE ACCOMMODATION TO APPEAR REMOTELY**