Jasmine J. Stanzick (SBN 354704)
jstanzick@seyfarth.com
SEYFARTH SHAW LLP
2029 Century Park East
Suite 3500
Los Angeles, California 90067-3021
Telephone: (310) 277-7200
Facsimile:  (310) 201-5219

Attorneys for Defendant

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNEDY BOSCO,<br><br>        Plaintiff,<br><br>v.<br><br>FIRST ADVANTAGE BACKGROUND SERVICES CORP.,<br><br>        Defendant. | Case No. 2:25-cv-12019-MCS-MAA<br><br>Hon. Mark C. Scarsi<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION FOR AN AWARD OF EXPENSES PURSUANT TO FED. R. CIV. P. 16(f)(2); MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[Declaration of Jasmine J. Stanzick; [Proposed] Order filed concurrently]<br><br>Date:      July 27, 2026<br>Time:     9:00 a.m.<br>Place:    Courtroom 7C<br>Judge:   Mark C. Scarsi |

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR AN AWARD OF EXPENSES PURSUANT TO FED. R. CIV. P. 16(f)(2)

## <u>NOTICE OF MOTION AND MOTION</u>

PLEASE TAKE NOTICE that on July 27, 2026, 2026 at 9:00 a.m., or such other date and time as may be ordered by the Court, in Courtroom 7C of the above-entitled Court, located at 350 West First Street, Los Angeles, California 90012, Defendant First Advantage Background Services Corp. will and hereby does move for an order awarding it $4,087.73 in reasonable expenses that it incurred as a result of Plaintiff's failure to appear at the June 8, 2026 Scheduling Conference, in addition to $3,225 in fees that First Advantage incurred in preparing and filing this motion.

This motion is made pursuant to Federal Rule of Civil Procedure 16(f)(2) and the Court's June 8, 2026 Order. (*See* ECF No. 38.) As directed by the Court in its June 8, 2026 Order and pursuant to Local Rule 7-3, the parties conferred regarding the measure of the sanction on June 11, 12, 15, and 16, 2026 but failed to reach an agreement on the amount. (*See* Declaration of Jasmine J. Stanzick ("Stanzick Decl.") ¶ 5 & Ex. 3.)

This motion is based on this notice, the accompanying memorandum of points and authorities, the declaration of Jasmine J. Stanzick and all supporting exhibits thereto, all pleadings and papers filed in this action, and any argument that may be presented at the hearing of this matter.

Respectfully submitted,

SEYFARTH SHAW LLP

By: */s/ Jasmine J. Stanzick*
Jasmine J. Stanzick
Attorneys for Defendant

Date: June 29, 2026

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR AN AWARD OF EXPENSES PURSUANT TO FED. R. CIV. P. 16(f)(2)

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

### INTRODUCTION

Plaintiff failed to appear at the Scheduling Conference on June 8, 2026 and, as a result, the Court ordered him to pay First Advantage's reasonable expenses incurred as a result of his nonappearance, including its attorneys' fees. (*See* ECF No. 38). First Advantage incurred $4,087.73 in expenses as a direct result of Plaintiff's nonappearance: $120.98 in out-of-pocket travel costs and $3,996.75 in attorney time for the 6.15 hours counsel spent attending the conference and traveling to and from it, billed at a discounted rate of $645.00 per hour. (Stanzick Decl. ¶ 3 & Exs. 1, 2.) As directed by the Court's June 8, 2026 Order, First Advantage conferred with Plaintiff on the measure of the sanction, but Plaintiff refused to pay any portion of First Advantage's expenses or to propose an alternative amount for First Advantage to consider. (ECF No. 38; *see also* Stanzick Decl. ¶ 5 & Ex. 3.) Accordingly, First Advantage also seeks $3,225.00 in attorneys' fees it incurred in bringing this motion.

As set forth below, the compensation First Advantage seeks is modest and reasonable. First Advantage therefore respectfully requests that the Court set the award at $4,087.73, together with the $3,225.00 in fees it incurred in bringing this motion.

### LEGAL STANDARD

Federal Rule of Civil Procedure 16(f)(2) requires a party who fails to appear at a scheduling conference to pay "the reasonable expenses – including attorney's fees – incurred because of" that failure. Fed. R. Civ. P. 16(f). Once a court determines that a fee award is in order, it must ensure that the requested fees are reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 433–34 (1983); *Barzilli v. Intuitive Surgical, Inc.*, No. CV 21-677 PSG (SKx), 2022 WL 17369627, at *4 (C.D. Cal. Aug. 1, 2022).

The party seeking the award bears the burden of documenting the hours, rate, and costs, and the party opposing the award the bears the "burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR AN AWARD OF EXPENSES PURSUANT TO FED. R. CIV. P. 16(f)(2)

of the hours charged or the facts asserted by the [fee applicant] in its submitted affidavits." *Gates v. Deukmejian*, 987 F.2d 1392, 1397-98 (9th Cir. 1992) (citations omitted).

The Court has already determined that First Advantage is entitled to an award of the expenses it incurred as a result of Plaintiff's failure to appear at the Scheduling Conference. (ECF No. 38). The only issue is the reasonable amount.

ARGUMENT

## I.    FIRST ADVANTAGE'S ATTORNEYS' FEES ARE REASONABLE

When determining the amount of attorneys' fees to award, courts within the Ninth Circuit use the lodestar method, which is determined by multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate. *See Gracie v. Gracie*, 217 F.3d 1060, 1070 (9th Cir. 2000) (quoting *Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614, 622 (9th Cir. 1993)); *Barzilli*, 2022 WL 17369627, at *2 (applying lodestar method to calculating a Rule 16(f) fee award).

Courts determine a reasonable hourly rate by looking to the prevailing market rate in the community (*i.e.*, the forum in which the district court sits) for comparable services. *See Gracie*, 217 F.3d at 1405; *Griffin v. City of Los Angeles*, No. 2:24-cv-06312-RGK-MAR, 2026 WL 1747212, at *3 (C.D. Cal. June 11, 2026). "A declaration regarding the prevailing rate in the relevant community can be sufficient to establish a reasonable hourly rate." *Moran v. ESOP Committee of Aluminum Precision Products, Inc.*, No. 8:24-cv-00642 MWF (ADSx), 2025 WL 1712397, at *2 (C.D. Cal. June 2, 2025) (citations omitted). A fee applicant may recover for all hours reasonably expended, excluding hours that are "excessive, redundant, or otherwise unnecessary[.]" *Hensley*, 461 U.S. at 434.

First Advantage seeks an award of $7,191.75 in attorneys' fees: $3,966.75 for the 6.15 hours counsel spent traveling to and attending the June 8, 2026 Scheduling Conference, at an hourly rate of $645.00 per hour, plus $3,225.00 for the 5.0 hours

4

counsel reasonably incurred in bringing this motion.  (Stanzick Decl. ¶¶ 3(c), 6.)  As set forth below, both counsel's rate and hours are reasonable.

### 1.    Ms. Stanzick's Hourly Discounted Rate Is Reasonable.

Ms. Stanzick, who has approximately six years of experience and expertise litigating claims under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* and the California Investigative Consumer Reporting Agencies Act, Cal. Civ. Code § 1786 *et seq.* – billed her time at $645.00 per hour, a discount from her standard rate of $805.00 and below the prevailing rate charged within her firm.  (Stanzick Decl. ¶¶ 3(c), 4.)  That discounted rate is well below the prevailing market for comparable work:  the Wolters Kluwer's 2025 Real Rate Report lists median Los Angeles litigation rates of $700.00 per hour for associates and $875.00 per hour for partners, and courts in this district regularly approve rates at counsel's level at or above $645.00.  *See Griffin*, 2026 WL 1747212, at *5 (reporting the 2025 Real Rate Report figures and approving $750 per hour for an associate of comparable experience and $1,150 per hour for counsel); *see also Barzilli*, 2022 WL 17369627, at *5 (relying on the Real Rate Report as a "much better reflecting of true market rates than self-reported rates in all practice areas.").

Ms. Stanzick's $645.00 hourly rate is therefore reasonable.

### 2.    Ms. Stanzick's Hours Are Reasonable.

Ms. Stanzick's hours were reasonably expended and caused entirely by Plaintiff's nonappearance:  because the Court required lead trial counsel to attend the conference in person (*see* ECF No. 13 § 2; ECF No. 27 § II(c)), Ms. Stanzick's 5.5 hours of round-trip travel and 0.65 hours appearing at the courthouse were an unavoidable consequence of Plaintiff's failure to appear.  (Stanzick Decl. ¶¶ 2–3.)  Courts routinely award the reasonable time counsel spends traveling to and from a court-ordered proceeding that an opposing party failed to attend.  *See Cruz v. United States Parcel Service*, No. 23-cv-430-AGS (LR), 2024 WL 5702788, at *2 (S.D. Cal. Mar. 14, 2024) (ordering a self-represented plaintiff to pay six hours of defense counsel's travel and appearance time and

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR AN AWARD OF EXPENSES PURSUANT TO FED. R. CIV. P. 16(f)

awarding time counsel spent preparing the cost submission); *Barzilli*, 2022 WL 17369627, at *6 (finding it reasonable to award fees for time spent traveling to and attending a hearing that plaintiff's counsel failed to appear at without notice and preparing the fee motion); *Chavarria v. Mgmt. & Training Corp.*, No. 16-cv-0617-H-(RBB), 2016 WL 11621564, at *6 (S.D. Cal. Aug. 25, 2016) (awarding the fees counsel incurred "traveling to, attending, and returning to her office from" a court-ordered conference that opposing counsel failed to attend). First Advantage also reasonably incurred 5.0 hours in attorneys' fees to prepare this motion, supporting declaration and exhibits, and proposed order. (Stanzick Decl. ¶ 6.) The June 8, 2026 Order expressly authorizes (*see* ECF No. 38) First Advantage to seek those attorneys' fees, and attorneys' fees are independently compensable as fees incurred in establishing the award. *See Moran*, 2025 WL 1712397, at *3 ("Hours spent preparing a fee application are also compensable.") (citing *Anderson v. Dir., Office of Workers Comp. Programs*, 91 F.3d 1322, 1325 (9th Cir. 1996) (reasoning attorneys' fees for fee petition "must be included in calculating a reasonable fee because uncompensated time spent on petitioning for a fee automatically diminishes the value of the fee eventually received")). These hours are itemized in the accompanying declaration and fee tables. (*See* Stanzick Decl. ¶¶ 3, 6 & Ex. 4.)

Accordingly, the 6.15 hours counsel spent traveling to and attending the conference, together with the 5.0 hours spent preparing this motion, are therefore reasonable.

## II.   FIRST ADVANTAGE'S OUT-OF-POCKET COSTS ARE REASONABLE

Out-of-pocket costs are recoverable as expenses that were actually incurred and reasonable in amount. *See Barzilli*, 2022 WL 17369627, at *7. First Advantage incurred $120.98 in out-of-pocket costs for its counsel to attend the conference: $108.00 in round-trip rail fare and $12.98 in ground transportation. (Stanzick Decl. ¶ 3(a), (b) & Exs. 1, 2.) Ms. Stanzick reduced these costs and her attorneys' fees where possible – when the

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR AN AWARD OF EXPENSES PURSUANT TO FED. R. CIV. P. 16(f)

conference did not proceed, she walked from the courthouse to the station rather than incur another fare, and she returned on an earlier train, thereby reducing her travel time and associated attorneys' fees. (Stanzick Decl. ¶ 3(a), (b) & Exs. 1, 2.) These costs were a direct result of Plaintiff's failure to appear. *See Barzilli*, 2022 WL 17369627, at *7–8 (awarding costs related to defense counsel's travel to the order to show cause hearing that plaintiff's counsel failed to attend).

## III.   CONCLUSION

For these reasons, First Advantage respectfully requests that the Court set the award at $4,087.73 in expenses incurred as a result of Plaintiff's failure to appear at the June 8, 2026 Conference, award the additional $3,225 in fees incurred in bringing this motion, and order Plaintiff to pay First Advantage a total of $7,312.73.

Respectfully submitted,

SEYFARTH SHAW LLP


By: */s/ Jasmine J. Stanzick*
Jasmine J. Stanzick
Attorneys for Defendant

Date: June 29, 2026

7

# CERTIFICATE OF SERVICE

I certify that, on June 29, 2026, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notice of such filing to all counsel of record. I also certify that, on June 29, 2026, I served a copy of the foregoing document by e-mail and the United States Postal Service on the following individual:

Kennedy Bosco
2632 Wilshire Boulevard, No. 300
Santa Monica, California 90403
kennedybosco@gmail.com

By: */s/ Jasmine J. Stanzick*
Jasmine J. Stanzick

CERTIFICATE OF SERVICE