Jasmine J. Stanzick (SBN 354704)
jstanzick@seyfarth.com
SEYFARTH SHAW LLP
2029 Century Park East
Suite 3500
Los Angeles, California 90067-3021
Telephone: (310) 277-7200
Facsimile:   (310) 201-5219

Attorneys for Defendant

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNEDY BOSCO,<br><br>                Plaintiff,<br><br>v.<br><br>FIRST ADVANTAGE BACKGROUND SERVICES CORP.,<br><br>                Defendant. | Case No. 2:25-cv-12019-MCS-MAA<br><br>Hon. Mark C. Scarsi<br><br>**DECLARATION OF JASMINE J. STANZICK IN SUPPORT OF DEFENDANT'S MOTION FOR AN AWARD OF EXPENSES PURSUANT TO FED. R. CIV. P. 16(f)**<br><br>Date:        July 27, 2026<br>Time:        9:00 a.m.<br>Place:        Courtroom 7C<br>Judge:        Mark C. Scarsi |

I, Jasmine Stanzick, declare as follows:

1.    I am counsel at Seyfarth Shaw LLP and serve as lead counsel of record for Defendant First Advantage Background Services Corp. in this action.  I submit this declaration in support of First Advantage's Motion for an Award of Expenses.  I have personal knowledge of the facts set forth in this declaration and, if called as a witness, could and would competently testify thereto.

2.    On June 8, 2026, I traveled from San Diego, where I reside, to the First Street Courthouse in Los Angeles, to attend the mandatory Scheduling Conference in person, as required by this Court's orders.  (*See* ECF No. 13 § 2; ECF No. 27 § II(c).)

DECLARATION OF JASMINE J. STANZICK IN SUPPORT OF DEFENDANT'S
MOTION FOR AN AWARD OF EXPENSES PURSUANT TO FED. R. CIV. P. 16(f)(2)

Plaintiff, who is self-represented, did not appear. (*See* ECF Nos. 37, 38.) As a result, the Court vacated the Scheduling Conference and ordered Plaintiff to pay First Advantage the reasonable expenses, including attorneys' fees, that it incurred because of his failure to appear. (ECF No. 38.)

3. As a result of Plaintiff's failure to appear, First Advantage incurred $120.98 in out-of-pocket costs and $3,966.75 in attorneys' fees, totaling $4,087.73, broken down as follows:

a. **Round-trip Amtrak rail travel: $108.00**. The rail fare reflects a $54.00 outbound ticket and a $54.00 return ticket. I had originally purchased a $35.00 return ticket for a later departure that afternoon. Because Plaintiff did not appear and the conference did not proceed, I was able to depart earlier than originally planned and obtained a refund of the $35.00 return ticket and purchased a $54.00 replacement on an earlier train, thereby reducing my travel time (and associated attorney fees) by returning sooner. True and correct copies of the Amtrak rail receipts and refund are attached collectively as Exhibit 1, redacted only to remove my personal e-mail address.

b. **Ground transportation: $12.98.** I incurred $12.98 for ground transportation by Uber from Union Station to the courthouse. After the conference did not proceed, I walked from the courthouse back to Union Station rather than incur another fare. A true and correct copy of the Uber receipt is attached as Exhibit 2, redacted only to remove the driver's name.

c. **Attorneys' fees: $3,966.75.** The rail journey between San Diego and Los Angeles takes approximately 2 hours and 45 minutes each way. I spent 5.5 hours in round-trip travel to and from the June 8, 2026 conference and 0.65 hours appearing at the courthouse, for a total of 6.15 hours. My time was billed at a rate of $645.00 per hour, which is discounted from my standard hourly rate of $805.00. At $645.00 per hour, 6.15 hours totals $3,966.75 in attorney time.

DECLARATION OF JASMINE J. STANZICK IN SUPPORT OF DEFENDANT'S MOTION FOR AN AWARD OF EXPENSES PURSUANT TO FED. R. CIV. P. 16(f)(2)

4.      I have approximately six years of legal experience, all at Seyfarth Shaw LLP.  My practice concentrates on consumer-reporting litigation, and I have represented consumer reporting agencies in numerous matters under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, and the California Investigative Consumer Reporting Agencies Act, Cal. Civ. Code § 1786 *et seq.* – the statutes under which Plaintiff brings his claims against First Advantage in this action.  My $645.00 rate is discounted from my standard hourly rate of $805.00 and is below the prevailing rate charged within my firm by attorneys of comparable experience.

5.      As required by the Court's June 8, 2026 Order and Local Rule 7-3, I conferred with Plaintiff by e-mail correspondence on June 11, 12, 15, and 16, 2026 regarding the appropriate measure of the sanction but the parties failed to reach an agreement.  On behalf of First Advantage, I requested that Plaintiff pay the $4,087.73 it incurred because of his failure to appear, including my travel time to attend the court-ordered in-person conference, and my reasonable attorneys' fees.  Plaintiff declined to pay any amount and did not counter with a lesser amount, contending that travel time is not compensable at attorney rates, that the fees are unreasonable because the conference did not go forward, and that he is indigent and unable to pay.  True and correct copies of the parties' correspondence is attached as Exhibit 3.

6.      Because the parties did not agree on the measure of the sanction, I spent 5.0 hours preparing First Advantage's motion for an award of expenses and the supporting papers at $645.00 per hour, totaling **$3,225.00**.[1]  First Advantage therefore requests a total of $7,312.73, consisting of $4,087.73 in expenses incurred because of Plaintiff's failure to appear and $3,225.00 incurred in bringing this motion.  The fee summary tables required by the Court's Initial Standing Order (*see* ECF No. 13, § 10(d)) are attached as Exhibit 4.

---

[1] Esther Slater McDonald, a partner at Seyfarth, also reviewed and revised the motion and relating filings, but First Advantage is not seeking reimbursement for the attorneys' fees it incurred for her time.

DECLARATION OF JASMINE J. STANZICK IN SUPPORT OF DEFENDANT'S MOTION FOR AN AWARD OF EXPENSES PURSUANT TO FED. R. CIV. P. 16(f)(2)

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 29th day of June, 2026, at San Diego, California.

Jasmine J. Stanzick

4