UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **2:25-cv-12019-MCS-MAA** | Date | July 1, 2026 |

Title  ***Bosco v. First Advantage Background Servs. Corp.***

Present: The Honorable    Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) ORDER RE: MOTION FOR REMOTE ADR PARTICIPATION (ECF NO. 46), MOTION FOR SUMMARY JUDGMENT (ECF NO. 47), AND MOTION FOR ADMINISTRATIVE ACCOMMODATION TO APPEAR REMOTELY DUE TO INDIGENCY (ECF NO. 50)

Plaintiff Kennedy Bosco, a self-represented litigant, moves for "an order authorizing absolute remote participation (via Zoom or telephone interface) for all ADR proceedings," (Mot. for Remote ADR Participation 1, ECF No. 46), as well as an order "granting an administrative accommodation to participate remotely via Zoom or telephonic interface for all remaining pretrial benchmarks and hearings in this action," (Mot. for Administrative Accommodation 1, ECF No. 50). Plaintiff also filed a motion for summary judgment. (MSJ, ECF No. 47.) The Court deems these motions appropriate for decision without further briefing or oral argument and vacates the hearing set for July 27, 2026. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.

The Court denies the motions for failure to comply with the local rules governing motions practice. *E.g.*, C.D. Cal. Rs. 6-1, 7-3, 7-4, 7-20; *see Christian v. Mattel, Inc.*, 286 F.3d 1118, 1129 (9th Cir. 2002) ("The district court has considerable latitude in managing the parties' motion practice and enforcing local rules that place parameters on briefing."). All three motions fail to comply with the prefiling

conference requirement, which requires counsel or litigants contemplating the filing of any motion to conduct a conference "in person, by telephone, or via video conference at least 7 days prior to the filing of the motion," and to submit "a declaration, under penalty of perjury, that sets forth at a minimum the date(s) the conference took place and the position of each party with respect to each disputed issue that will be the subject of the motion." C.D. Cal. R. 7-3. In addition, Plaintiff did not lodge proposed orders with his motions for remote ADR participation and for summary judgment, *see id.* R. 7-20, and the motions fail to set a time and date for the motion hearing, *see id.* R. 7-4.

The Court has already once denied a motion by Plaintiff for failure to conduct a prefiling conference pursuant to Local Rule 7-3. (*See* Order Re: Mot. to Strike Sham Answer 1–2, ECF No. 32.) The Court warns that any further failure by any party to initiate or participate in a Local Rule 7-3 conference will be deemed willful disobedience of this Order and will result in sanctions. C.D. Cal. R. 83-7.

The Court also denies the motions on the merits. With respect to Plaintiff's motion for an "administrative accommodation" permitting him to appear remotely at all pretrial hearings, the Court reiterates that it does not permit remote appearances. (Initial Standing Order § 2, ECF No. 13.) The Court does not make an exception for in forma pauperis litigants, nor does it make an exception for litigants or attorneys who do not live or work in the Central District of California. The Court's policy is consistent with the well-recognized principle "that in general, courts have broad discretion to determine whether to order litigants to appear in person." *Mezzano v. Second Jud. Dist. Ct.*, No. 3:23-cv-00324-RJC-CSD, 2023 WL 4868441, at *15 (D. Nev. July 31, 2023) (collecting cases); *accord Hiramanek v. Clark*, No. 5:13-cv-00228-RMW, 2016 WL 687974, at *7 (N.D. Cal. Feb. 19, 2016). In forma pauperis litigants must obey the same rules of procedure as any other party. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a *pro se* [in forma pauperis] litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure. These rules provide for sanctions for misconduct and for failure to comply with court orders."). Plaintiff invokes no authority, and the Court is aware of none, permitting an exception to in-person appearance requirements for an in forma pauperis litigant. *See, e.g.*, *Winters v. Jordan*, No. 2:09-cv-0522-JAM-KJN PS, 2013 WL 5780819, at *9 (E.D. Cal. Oct. 25, 2013) ("[I]n forma pauperis status does not entitle litigants to always make telephonic appearances in an action that the litigants themselves have elected to prosecute."). Plaintiff's request for blanket permission to appear remotely at all pretrial hearings is denied. As the Court previously warned Plaintiff, "failure to

appear at any further hearing where Plaintiff's appearance is mandatory will result in dismissal of the case without further warning." (Order Discharging OSC 1–2, ECF No. 42 (citing Fed. R. Civ. P. 41(b)).)

Plaintiff also requests a referral to the Court's Mediation Panel and that he be permitted to participate in all ADR proceedings remotely. (Mot. for Remote ADR Participation 1.) The Court has already referred the parties to the Court's Mediation Panel. (Order/Referral to ADR, ECF No. 40.) Plaintiff's request to appear remotely at all ADR proceedings is denied without prejudice to Plaintiff's renewal of the request before the Panel Mediator.

Finally, the Court denies Plaintiff's motion for summary judgment. Courts often deny premature motions for summary judgment that are filed before discovery is taken, "particularly where discovery is needed to resolve factual disputes." *Homesite Ins. Co. v. Schlackman*, 671 F. Supp. 3d 1205, 1212 (W.D. Wash. 2023) (collecting cases). The Court uses its discretion to deny the motion for now. The Court's scheduling order in this case was only recently entered on June 10, and fact discovery does not close until October 19. The parties should be given an opportunity to develop the factual record through the discovery process before summary judgment motion practice. *See Homesite*, 671 F. Supp. 3d at 1212; *see also Ricos Tacos El Tio III, Inc. v. Starbucks Corp.*, No. 2:25-cv-12101-MCS-AJR, 2026 U.S. Dist. LEXIS 53603, at *7 (C.D. Cal. Jan. 26, 2026) (Scarsi, J.) ("[C]onsidering summary judgment before affording the parties an opportunity to take discovery would be injudicious."). Accordingly, the Court denies Plaintiff's motion for summary judgment without prejudice to refiling after further developments in the case.

The motions are denied.

**IT IS SO ORDERED.**

---