Name:    KENNEDY BOSCO

Address:    2632 Wilshire Blvd #300

Santa Monica, California 90403

Phone:    832-887-5716

Email:    kennedybosco@gmail.com

In Pro Per

FILED

CLERK, U.S. DISTRICT COURT

6/30/2026

CENTRAL DISTRICT OF CALIFORNIA

BY _____ jji _____ DEPUTY

DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

KENNEDY BOSCO,

                 Plaintiff

v.

FIRST ADVANTAGE BACKGROUND SERVICES CORP.,

                 Defendant(s).

CASE NUMBER: 2:25-cv-12019-MCS-MAA

PLAINTIFF'S INTEGRATED OPPOSITION TO DEFENDANT'S FEE PETITION AND MATERIALLY INFLATED LODESTAR SUMMARY CHARTS (DOC. 52-4)

**PLAINTIFF'S INTEGRATED OPPOSITION TO DEFENDANT'S FEE PETITION AND MATERIALLY INFLATED LODESTAR SUMMARY CHARTS (DOC. 52-4)**

Plaintiff Kennedy Bosco respectfully moves this Court to completely reject and strike the lodestar calculations set forth in Defendant's Summary Charts (ECF No. 52-4) and deny the requested award of $7,312.73. Under Federal Rule of Civil Procedure 16(f)(2), an award of expenses is strictly prohibited where circumstances render such a shift manifestly unjust. Defendant's application relies on falsified billing assumptions, active misrepresentations of the judicial record, and bad-faith inflation that strips the defense of equitable relief.

**I. FACTUAL REBUTTAL TO ATTORNEY'S FEES SUMMARY CHARTS (DOC. 52-4)**

**1. ABSOLUTE FAILURE OF TRUTH IN TASK 2 BILLED APPEARANCE HOURS**

Table 1 and Table 2 of Defendant's Summary Charts explicitly demand $419.25 for 0.65 hours

1

allegedly spent conducting an "Appearance at the June 8, 2026 Scheduling Conference" (ECF No. 52-4). This assertion is directly disproved by the official, unalterable docket entries of this Court. Under the Court's June 8, 2026 Minute Order (Dkt. 38), the scheduling conference was handled entirely "(IN CHAMBERS)" and explicitly records: "Attorney(s) Present for pro se litigant for a courtroom appearance that never physically or legally occurred constitutes Defendant(s): None Present." Seeking a court-ordered monetary exaction against an indigent a material misrepresentation on the face of the record.

**2. COMPLETE DESTITUTION OF TASK 1 PASSIVE TRANSIT METRICS**

Table 1 requests $3,547.50 for 5.5 hours spent on passive commuter rail travel (ECF No. 52-4). Under long-standing Ninth Circuit authority, pure travel time on public transit—absent any showing of contemporaneous, active legal work—is not compensable at full premium attorney rates. Defendant's own Exhibit 1 and Exhibit 2 establish that counsel arrived 9 minutes late to the scheduled calendar call and fled the courthouse vicinity by 10:00 AM to process commercial refunds at an automated transportation terminal. Plaintiff will not finance premium hourly billing for time counsel spent standing at transit counters.

**3. COMPLETE DISALLOWANCE OF TASK 3 FEES-ON-FEES MULTIPLIERS**

Table 1 requests an additional $3,225.00 for 5.0 hours spent preparing this automated, standard cost petition (ECF No. 52-4). Because the underlying billing metrics for Task 1 and Task 2 are factually unsupportable and directly contradicted by the Civil Minutes (Dkt. 38), the defense is not entitled to fees-on-fees to defend a defective, inflated calculation. Enforcing a total fine of $7,312.73 against a certified indigent plaintiff under these inequitable conditions is completely prohibited under Rule 16(f)(2).

**II. AUTHENTICATION OF LOCAL RULE 7-3 EVADED DISPUTE COMPLIANCE (EXHIBIT B)**

**PLAINTIFF'S INTEGRATED OPPOSITION TO DEFENDANT'S FEE PETITION AND MATERIALLY INFLATED LODESTAR SUMMARY CHARTS (DOC. 52-4)**

Plaintiff hereby introduces a true and correct copy of his formal electronic mail correspondence sent to Lead Defense Counsel Jasmine Stanzick on June 12, 2026 (Exhibit B), establishing full pre-filing compliance and exposing Defendant's bad-faith multiplication of proceedings:

**1. CONCLUSIVE PROOF OF LOCAL RULE 7-3 COMPLIANCE**

Defendant's narrative that Plaintiff failed to participate in a meaningful pre-filing conference of counsel is completely refuted by the face of Exhibit B. On June 12, 2026—seventeen days prior to the filing of the defense's expense petition—Plaintiff explicitly engaged in meet-and-confer parameters via email log, stating: "I remain willing to meet and confer in good faith regarding reasonable, actually incurred expenses." Plaintiff's procedural conduct remains entirely unblemished.

**2. EVIDENCE OF DEFENDANT'S KNOWLEDGE OF BILLING DEFECTS**

Exhibit B establishes that Defendant had actual knowledge that its transit calculations were legally unsustainable long before submitting them under oath to this Court. Plaintiff's June 12 warning explicitly stated: "Under long-standing Ninth Circuit authority, pure travel time on public transit—absent any showing of contemporaneous, active legal work—is not compensable at full attorney rates." Defendant's strategic choice to ignore this warning, refuse to modify its lodestar calculation, and add a $3,225.00 penalty multiplier constitutes bad-faith harassment designed to bankrupt an indigent pro se litigant.

**3. ESTABLISHMENT OF CONTEMPORANEOUS COURT DISCLOSURE**

Paragraph 5 of Exhibit B documents that Plaintiff concurrently provided defense counsel with a true copy of Plaintiff's Written Response to the Court's June 8, 2026 Order to Show Cause (Dkt. 38). Defendant possessed full administrative knowledge that Plaintiff's non-appearance was driven entirely by documented financial indigency and interstate physical displacement in Brooklyn, New York. Defendant's subsequent June 29 motion is an improper strategic attempt to backdoor a case dismissal under FRCP 41(b) through the active exploitation of poverty in direct

violation of Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342 (1948).

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that this Court strike Defendant's Summary Charts (ECF No. 52-4), completely deny Defendant's Motion for Award of Expenses, and waive all monetary assessments.

Dated: June 29, 2026
Respectfully submitted,

By: /s/ Mr. Bosco
Mr. Kennedy Bosco, Plaintiff Pro Se

4